THAYER, In re. See Case No. 5,305.
THAYER (BANCROFT v.). See Case No. 835.
THAYER (BARCLAY v.). See Case No. 978.

## Case No. 13,868.
### THAYER v. HERRICK.[1]
Circuit Court, D. Minnesota. Aug., 1876.

RECORDING LAWS—UNORGANIZED COUNTIES—CORPORATIONS—BY-LAWS—VALIDITY.

[1. The land in an unorganized county in Minnesota is regarded, for all purposes, including registry, as being within the territorial limits of the county to which it is attached for judicial purposes.]

[2. A by-law of a corporation, adopted by the directors, and not by the incorporators when two-thirds were present, as required by the charter, is a nullity.]

[This was a bill in equity by George Thayer against Nathan Herrick to quiet title.]

NELSON, District Judge. The Little Falls Manufacturing Company, a duly-authorized corporation, became the owner of the town site of Little Falls West, situated in Todd county, Minnesota, and also the owner of the town of Little Falls, located east of the Mississippi river, in Morrison county. At the time Little Falls West was platted, Todd county, although declared to be organized by act of the legislature of the territory of Minnesota, passed in 1856, was not so in fact. The governor was authorized by chapter 35, § 3, Sp. Laws 1860, to appoint a board of county commissioners and these commissioners were to have full power to appoint all other county officers to complete the organization of the county, yet no county officers were appointed or elected until 1868. The town plat of Little Falls West, located in Todd county, was recorded, according to the statute,·in the office of the register of deeds of Morrison county, to which it was attached for judicial purposes (see Sp. Laws 1860, p. 91, and Rev. St. Minn. 1851, p. 150, § 6), and all the muniments of title, including the original patent

<hr>

1 [Not previously reported.]

from the government of the United States, were also there recorded.

The general policy of the state, as indicated by legislation, recognized the platting of towns and villages in a county unorganized for county purposes, and provided for the record of the same in the county to which it might be attached for judicial purposes. Such laws were early passed by the legislature of Wisconsin territory, and were retained in the Revised Statutes of Minnesota territory, and are now in force in the state. The land in an unorganized county is regarded, for all purposes, including registry, as being within the territorial limits of the county to which it is attached for judicial purposes. The whole course of legislation contemplates the validity and legality of such record in relation to all deeds, mortgages and liens. Under these circumstances the plaintiff loaned his money to the Little Falls Manufacturing Company, and two mortgages were executed by the officers of the company to secure the same, —one upon the property it owned in Morrison county, and the other in 1861, upon property located in Todd county. On default of payment the mortgages were foreclosed,—the latter by advertisement under the statute; the former by a bill in equity. The plaintiff became the purchaser of all the property at the sales. The defendant subsequently obtained a judgment against the company, and a sheriff's deed under execution sale of the same property. He now urges that his title thus acquired is superior: (1) As against the foreclosure in equity, because by-law No. 12 of the company forbids the execution of a mortgage upon the property embraced therein. This by-law is as follows: "The officers of the company are hereby prohibited from selling any of the water power of Little Falls, or" (here follows a description of property, including the property covered by the mortgage). (2) As against the title obtained under the foreclosure by advertisement, because the proceedings, including certificates, etc., were not filed in the office of a register of deeds in Todd county, where the property is situated, and the sale was not made in that county, but in the county to which it was attached for judicial purposes.

I think the first objection not tenable, for the reason that by-law No. 12, above referred to, was not adopted as the charter required. It was adopted by the directors, and not by the incorporators when two-thirds of their members were present, as section 4 of the charter required. This view is conclusive, although it may be doubtful whether the sale mentioned in the by-law had reference to the execution of a mortgage for the loan of money which is provided for in section 6 of the charter. See Sess. Laws 1856, p. 221.

The second objection from the views expressed in the outset of this opinion, in reference to the policy of the state as evidenced by continuous legislation cannot be sustained. The plaintiff is therefore entitled to judgment,

and the relief prayed for. See statutes for transcribing records (Laws 1858; Gen. St. 1870, p. 117; Sp. Laws 1871, p. 297).